UNITED STATES BANKRUPTCY COURT
WESTERN DISTRICT OF NEW YORK
---------------------------------------------------------
In re

    JOANNE PANEK-HORTMAN                    BK 17-11483 CLB

                      Debtor                      DECISION & ORDER
---------------------------------------------------------

                Michael A. Weishaar, Esq.
                Gleichenhaus, Marchese & Weishaar, P.C.
                930 Convention Tower
                43 Court Street
                Buffalo, NY 14202
                Attorney for Debtor

                Melissa N. Licker, Esq.
                McCalla Raymer Leibert Pierce, LLC
                420 Lexington Avenue, Suite 840
                New York, NY 10170
                Attorney for Creditor

Bucki, U.S.B.J.

    At times, a short abbreviation like "c/o" can change the meaning of a stated address. This meaning is at issue in this Chapter 13 case, where Wells Fargo Bank, N.A., contends that inadequacy of service should compel the Court to vacate a prior order determining the secured value of a claim.

    In March of 2017, Wells Fargo Bank commenced an action against Joanne Panek in the New York State Supreme Court to foreclose a mortgage on property at 809 Abbott Road in the City of Buffalo. This action was stayed, however, when the owner (now known as Joanne Panek-Hortman) filed a petition for relief under Chapter 13 of the Bankruptcy Code on July 14, 2017. In schedules filed with her petition, Ms. Panek-Hortman acknowledged ownership of 809 Abbott Road and reported that it was subject to an outstanding mortgage in the approximate amount of $90,523. Additionally with her petition, the debtor filed a

proposed plan which indicated that Panek-Hortman intended to bring a separate motion under section 506 of the Bankruptcy Code to set the secured claim at the property's estimated value of $50,000.

Generally in Chapter 13, a plan may "modify the rights of holders of secured claims, other than a claim secured only by a security interest in real property that is the debtor's principal residence." 11 U.S.C. § 1322(b)(2). Because 809 Abbott Road was not the residence of the debtor, Panek-Hortman could appropriately propose a plan that contemplated a bifurcation of the claim of Wells Fargo into secured and unsecured parts. *See Nobelman v. American Savings Bank*, 508 U.S. 324 (1993). However, it is the practice of this Court to require a separate motion to modify an under-secured mortgage under 11 U.S.C. § 506, even in instances where the plan proposes such a modification. Accordingly, on August 7, 2017, the debtor filed a motion to modify the lien of Wells Fargo.

Wells Fargo failed to appear in opposition to the debtor's motion. Consequently, on September 21, 2017, this Court issued an order determining that Wells Fargo held a secured claim in the amount of $50,000, and that the remaining balance of the bank's loan would be treated as an unsecured obligation. Thereafter, on November 14, we confirmed a plan providing for payment of $50,000 on account of the modified balance of the secured claim. Meanwhile, the debtor committed to pay eleven percent of her unsecured debts, including the unsecured portion of the claim of Wells Fargo.

In proofs of claim filed subsequent to plan confirmation, Wells Fargo asserted that as of the day of bankruptcy filing, Panek-Hortman owed on her mortgage an outstanding balance of $176,405.08, and that the property at 809 Abbott Road had a fair market value significantly in excess of the debtor's valuation. Hoping to revisit the Court's prior determination of the bank's secured claim, Wells Fargo has now filed a motion to vacate the order modifying its lien. In particular, Wells Fargo contends that Panek-Hortman never served her motion to modify lien in the manner required by Bankruptcy Rule 7004(h).

With the motion to modify the bank's lien, the debtor's attorney filed an affidavit attesting that the papers were sent by certified mail to the following recipient:

> Wells Fargo Bank, N.A.
> Attn: Timothy J. Sloan, President or CEO
> 8950 Cypress Waters Blvd.
> Coppell, Texas 75019

Wells Fargo advises, however, that this was an address not of the bank, but of Nationstar Mortgage LLC, the entity that operated as servicer of the debtor's mortgage. The bank asserts that it was therefore not properly served and that this inadequate service of process must compel the vacating of the order modifying its lien. Panek-Hortman responds that Wells Fargo had made the following allegation in the first numbered paragraph of its complaint in the pre-petition foreclosure action:

> "The Plaintiff herein, at all times hereinafter mentioned was and still is a duly authorized Corporation or Association and having an office at c/o 8950 Cypress Waters Blvd, Coppell, Texas 75019."

The debtor contends that it was justified in relying on this allegation, and that Wells Fargo should be estopped from denying the accuracy of an address that the bank had elected to use.

## Discussion

Bankruptcy Rule 9014 establishes guidelines for contested matters like the debtor's application to modify the lien of Wells Fargo Bank. Subdivision (a) of this rule states that "[i]n a contested matter under the Code not otherwise governed by these rules, relief shall be requested by motion, and reasonable notice and opportunity for hearing shall be afforded the party against whom relief is sought." Subdivision (b) then provides that the "motion shall be served in the manner provided for service of a summons and complaint by Rule 7004 . . . " Pursuant to Rule 7004(b), the movant in a contested matter may generally effect service by first class mail "[e]xcept as provided in subdivision (h)." Subject to

exceptions not here at issue, Bankruptcy Rule 7004(h) directs that "[s]ervice on an insured depository institution (as defined in section 3 of the Federal Deposit Insurance Act) in a contested matter or adversary proceeding shall be made by certified mail addressed to an officer of the institution."

The parties concede that Wells Fargo is an insured depository institution and that service by mail would have required compliance with Bankruptcy Rule 7004(h). By its language, the rule mandates that service upon a federally insured depository institution "be made by certified mail addressed to an officer of the institution." To satisfy this requirement, a party must use certified mail to send papers to the designated party at a proper location or address. In the present instance, the attempted service fails because it was sent to the address of an entity other than Wells Fargo Bank.

But for the preface "c/o," the debtor might have been justified in using the address that Wells Fargo provided in its foreclosure complaint. These letters are a common abbreviation that stands for the words "in care of." Typically, they are used to identify a third party to whom mail is being sent on behalf of the intended recipient. At a minimum, this abbreviation signals here the possibility that the stated address is that of an entity other than Wells Fargo Bank itself. The foreclosure complaint may have indicated that mail could be received at the care of an address, but that option does not thereby establish an address that would satisfy the rigid requirement of certified mail to the address of the respondent. The use of this abbreviation will therefore suffice to negate any justification to rely upon the stated address for purposes of service under Bankruptcy Rule 7004.

The court can identify no basis for a waiver by Wells Fargo of its entitlement to proper service of the motion to modify its lien. Because the debtor failed to effect proper service of that motion, we are compelled to vacate the resulting order that modified the lien of Wells Fargo Bank. *See Citizens Bank v. Decena*, 562 B.R. 202, 211 (E.D.N.Y. 2016). However, nothing in this ruling speaks to the ultimate merits of the debtor's motion. The

court will therefore invite the parties either to negotiate a settlement or to agree to a mutually convenient time for a hearing on valuation. In the absence of any such accord, the debtor may renew its motion upon service that conforms with the requirements of Bankruptcy Rule 7004.

So ordered.

Dated: November 30, 2018
Buffalo, New York

/s/ Carl L. Bucki
Hon. Carl L. Bucki, Chief U.S.B.J., W.D.N.Y